```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF GEORGIA
                         ATHENS DIVISION
```

BONNIE DIXON,                     *

    Plaintiff,                  *

vs.                               *
                                                         CASE NO. 3:10-CV-35 (CDL)

DB50 2007-1 TRUST,                *

    Defendant.                  *

## O R D E R

This action arises from Defendant's attempt to foreclose on Plaintiff's home. Plaintiff initially sought an injunction in Greene County Superior Court to prevent Defendant from foreclosing. Defendant subsequently removed the action to this Court based on diversity of citizenship jurisdiction. Plaintiff contends that Defendant's removal was improper. Presently pending before the Court is Plaintiff's Motion for Remand (ECF No. 7).

Although Defendant has summarily alleged that complete diversity of citizenship exists between the parties, Defendant has not sufficiently established its citizenship for diversity jurisdiction purposes. Rather than remand the case, however, the Court finds that Defendant should be permitted to amend its procedurally defective notice of removal to specifically establish its citizenship. Defendant shall have until January 3, 2011, to amend its notice of removal. Plaintiff may then file an amended motion to remand, which shall not exceed ten pages, by January 17, 2011. Defendant shall file any response to that amended motion to remand by

January 31, 2011. If Plaintiff seeks to join any additional defendant in this action who would destroy complete diversity of citizenship, Plaintiff shall file her motion for leave to join the additional defendant contemporaneous with the filing of her amended motion to remand. If Plaintiff files a motion for joinder, Defendant shall file any response to that motion by January 31, 2011. Plaintiff shall then file any reply to that response by February 7, 2011.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Bonnie Dixon is an individual who resides in Greene County, Georgia. She filed this action on April 1, 2010 in Greene County Superior Court seeking an injunction to prevent Defendant DB50 2007-1 Trust ("DB50 Trust") from foreclosing on her house. On May 17, 2010, Defendant removed the action to this Court on the basis of diversity of citizenship jurisdiction.[1] Defendant's counsel failed to sign Defendant's notice of removal. Two days later, on May 19, 2010, the Clerk of the Court notified Defendant of its counsel's error and Defendant filed an amended notice of removal, signed by counsel, that same day. In the meantime, on May 18, 2010, after Defendant filed its original notice of removal, but before Defendant filed its amended notice of removal, Plaintiff amended her

---

[1] At the time of Defendant's removal, Plaintiff's state court Complaint also named as defendants John Does 1-10. The citizenship of those fictitious defendants shall be disregarded. 28 U.S.C. § 1441(a).

2

Complaint in Greene County Superior Court to add a nondiverse defendant.

Plaintiff subsequently filed the presently pending motion for remand contending that Defendant's removal was improper for two reasons. First, Plaintiff contends that Defendant has not established the citizenship of DB50 Trust. Second, Plaintiff contends that she amended her state court Complaint to add a nondiverse defendant before Defendant's notice of removal was filed.

Defendant responded to Plaintiff's motion with a belated attempt to establish that complete diversity exists between the parties. Defendant first asserts that DB50 Trust "is a resident of Delaware."[2] Def.'s Resp. in Opp'n to Pl.'s Mot. for Remand 2, ECF No. 11 [hereinafter Def.'s Resp.]. In support of its assertion, Defendant produced: (1) the affidavit of DeWayne Chin stating that Montana Drive Mortgage Holdings, LLC ("Montana Drive LLC") holds a 100% beneficial ownership interest in DB50 Trust, Def.'s Resp. Ex. A, Chin Aff. ¶¶ 7-8, ECF No. 11-1; (2) a Delaware Secretary of State certification that DB50 Trust was formed under Delaware law and is in good standing, Chin Aff. Ex. 1, DB50 2007-1 Trust Registration Certificate, ECF No. 11-2 [hereinafter DB50 Trust Registration

---

[2] The Court notes that throughout its briefing, Defendant referred to the *residency* of DB50 Trust. Federal jurisdiction based upon diversity of citizenship requires complete diversity of *citizenship*. 28 U.S.C. § 1332. "[R]esidency is not the equivalent of citizenship for diversity purposes." *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1295-96 (11th Cir. 2009).

Certificate]; and (3) a Delaware Secretary of State certification that Montana Drive LLC was formed under Delaware law and is in good standing, Chin Aff. Ex. 2, Montana Drive Mortgage Holdings, LLC Registration Certificate, ECF No. 11-3 [hereinafter Montana Drive LLC Registration Certificate]. Defendant further contends that Plaintiff amended her state court Complaint only after Defendant's notice of removal was filed, thus rendering Plaintiff's addition of a nondiverse defendant void. Def.'s Resp. 3-4.

## DISCUSSION

"A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam). The removing party's allegations of jurisdictional facts must be supported with competent proof. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1194-95 (2010). Two issues are presented by the present motion to remand: (1) whether Defendant's notice of removal shall be deemed filed on the date it was filed in this Court notwithstanding the fact that it did not contain counsel's signature at that time; and (2) whether Defendant has sufficiently established its citizenship to enable the Court to determine that complete diversity of citizenship exists between the parties.

**I.     Defendant's Notice of Removal Is Deemed Filed on May 17, 2010**

Because Defendant promptly corrected its counsel's failure to sign its notice of removal, the Court finds that the notice of removal shall be deemed filed on May 17, 2010. When a defendant removes an action from state court, an attorney of record must sign the notice of removal consistent with Federal Rule of Civil Procedure 11.  28 U.S.C. § 1446(a).  Rule 11 provides that "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a).  Here, Defendant's attorney failed to sign its May 17, 2010 notice of removal.  Defendant's attorney, however, promptly corrected his omission the same day it was called to his attention by the Clerk of this Court.  Therefore, the Court will not strike Defendant's May 17, 2010 notice of removal.

Since Defendant's notice of removal was effective as of May 17, 2010, Plaintiff's amendment of her Complaint in state court after that date has no effect on this federal action. *See Maseda v. Honda Motor Co., Ltd.*, 861 F.2d 1248, 1254-55 (11th Cir. 1988) ("[A]fter removal, the jurisdiction of the state court absolutely ceases and the state court has a duty not to proceed any further in the case.  Any subsequent proceedings in state court on the case are void *ab initio*.") (citation and footnote omitted). Consequently, Plaintiff's May 18, 2010 amendment to her state court Complaint

adding a nondiverse defendant does not deprive this Court of jurisdiction.

## II. Defendant's Failure to Establish Complete Diversity

Although Defendant effectively corrected the omission of its counsel's signature, Defendant's notice of removal and amended notice of removal suffer from a more glaring defect. Defendant has failed to sufficiently establish its citizenship, and thus, has not carried its burden of showing that complete diversity of citizenship exists between the parties. Defendant's failure apparently arises from a misunderstanding of the elements of citizenship for a trust and its beneficial owner, a limited liability company.

DB50 Trust is a statutory trust formed under Delaware law. Chin Aff. ¶ 5; DB50 Trust Registration Certificate. A trust's state of formation, however, does not determine its citizenship for diversity purposes. *See Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1337 (11th Cir. 2002) (noting that the Supreme Court in *Carden v. Arkoma Assocs.*, 494 U.S. 185, 189 (1990) "very clearly reaffirmed the doctrinal distinction between corporations on the one hand, and all other types of business entities on the other, stating that only corporations would be treated as citizens of their state of incorporation"), *overruled on other grounds by Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 547 U.S. 71, 89 (2006), *as recognized in Instituto De Prevision Militar v. Merrill Lynch*, 546 F.3d 1340, 1348 (11th Cir. 2008); *accord Underwriters at Lloyd's, London v.*

*Osting-Schwinn*, 613 F.3d 1079, 1086-88 (11th Cir. 2010). Instead, for diversity of citizenship purposes, a trust is a citizen of each state in which it has at least one beneficial owner. *See Riley*, 292 F.3d at 1337-39 (affirming that a Massachusetts business trust is treated as a citizen of each state in which one of its shareholders is a citizen).

Defendant has produced evidence that DB50 Trust's sole beneficial owner is Montana Drive LLC. Chin Aff. ¶¶ 7-8. Therefore, the Court must look to the citizenship of Montana Drive LLC, a limited liability company, to determine the corresponding citizenship of Defendant, a trust. Defendant, apparently maintaining that a limited liability company is a citizen of its place of formation, has produced evidence that Montana Drive LLC was duly formed under Delaware law. Montana Drive LLC Registration Certificate. State of formation, however, does not determine a limited liability company's citizenship for diversity purposes. *See Riley*, 292 F.3d at 1337 ("[O]nly corporations [are] treated as citizens of their state of incorporation[.]"). Instead, for diversity of citizenship purposes, "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P.*, 374 F.3d at 1022.

Defendant has produced no evidence of the citizenship of Montana Drive LLC's members. Without that evidence, the citizenship of Montana Drive LLC cannot be determined. Moreover, since Montana Drive LLC's citizenship is determinative of the Defendant trust's

7

citizenship, Defendant has failed to sufficiently establish its citizenship for diversity jurisdiction purposes.

Although this Court is tempted to remand this action at this time, it is mindful that the Eleventh Circuit Court of Appeals has counseled that the better course is to allow Defendant an opportunity to amend its notice of removal under these circumstances. *See Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1297 (11th Cir. 2009) ("If a party fails to specifically allege citizenship in their notice of removal, the district court should allow that party 'to cure the omission,' as authorized by [28 U.S.C.] § 1653."). Accordingly, Defendant shall have one final opportunity to cure this defect in its notice of removal.[3]

## CONCLUSION

Defendant's notice of removal is deemed filed prior to Plaintiff's joinder of a nondiverse defendant in the state court action, and therefore, the addition of that defendant in the state court action shall not be considered by this Court in determining whether diversity jurisdiction exists. Furthermore, Defendant shall be given the opportunity to cure the defect in its present notice of removal by presenting evidence establishing its citizenship for diversity purposes.

---

[3]The Court acknowledges that the defect may not be curable because under the applicable law described in this Order, there may be no complete diversity. Nevertheless, the Court finds that Defendant should be given this last opportunity to cure the defect if it is curable.

The Court establishes the following schedule for the remaining filings that may be necessary to have the remand issue decided:

January 3, 2011:     Defendant's Amended Notice of Removal Due

January 17, 2011:    Plaintiff's Amended Motion to Remand Due

January 17, 2011:    Plaintiff's Motion for Joinder Due

January 31, 2011:    Defendant's Response to Plaintiff's Amended Motion to Remand Due

January 31, 2011:    Defendant's Response to Plaintiff's Motion for Joinder Due

February 7, 2011:    Plaintiff's Reply to Defendant's Responses Due

IT IS SO ORDERED, this 15th day of December, 2010.

                                                S/Clay D. Land
                                                   CLAY D. LAND
                          UNITED STATES DISTRICT JUDGE